# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ARTHUR MARTIN, JR.**
**United States Army, Appellant**

ARMY 20130207

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge (arraignment)
Stephen E. Castlen, Military Judge (trial)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Lieutenant Colonel Travis L. Rogers, Acting Staff Judge Advocate (recommendation)
Colonel Ian G. Corey, Staff Judge Advocate (addendum)

For Appellant:  Captain Payum Doroodian, JA; Mr. Frank J. Spinner, Esquire (on brief); Captain Scott A. Martin, JA; Mr. Frank J. Spinner, Esquire (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA;  Major Daniel D. Derner, JA; Captain Vincent S. Scalfani, JA (on brief).

25 July 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of rape of a child, aggravated sexual abuse of a child, indecent liberties with a child, indecent exposure, and a general disorder in violation of Articles 120 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 [hereinafter UCMJ].  The military judge sentenced appellant to be discharged with a bad-conduct discharge, to be confined for eighteen years, and to be reduced to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises three issues, two of which merit discussion and relief.  We have considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

## BACKGROUND

The charged offenses arose from appellant's contact with his step-daughter, TM. He called her into the master bathroom, exposed his penis to her, urinated in front her, and then penetrated her vulva with his fingers. All of the specifications of Charge I arise from this incident. The government charged appellant with rape for penetrating TM's genital opening (Specification 1), aggravated sexual abuse of a child for rubbing TM's genitalia (Specification 2), indecent liberties with a child for exposing his genitalia to TM for sexual arousal (Specification 3), and indecent exposure for exposing his penis and urinating in front of TM (Specification 4).

At trial, defense counsel asked the military judge to merge Specifications 1 and 2 of Charge I and Specifications 3 and 4 of Charge I for sentencing only. Appellant now asserts that all four of these specifications were one criminal act and asks this court to merge them into one specification for findings and reassess the sentence.

## LAW AND DISCUSSION

### A. *Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied.[*]

We find the *Quiroz* factors in this case weigh in favor of appellant. First, he did not raise the issue of unreasonable multiplication of charges for findings at trial, but he did request Specifications 1 and 2 of Charge I be treated as one for sentencing purposes, and the same for Specifications 3 and 4 of Charge I. Second, the

---

[*] The *Quiroz* factors are: (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications? (2) Is each charge and specification aimed at distinctly separate criminal acts? (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality? (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure? (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges? 55 M.J. at 338 (citation and quotation marks omitted; internal alteration reflects *Quiroz*'s holding that "unreasonably" will be used rather than "unfairly." *Id*. at 339).

specifications alleging rape and aggravated sexual assault constitute an unreasonable multiplication of charges because they do not involve distinctly separate criminal acts. As the military judge acknowledged, "the act of rubbing the genitalia . . . was preparatory in the same scheme of action as penetrating the genitalia with a finger." Additionally, in this case, the indecent exposure charged in Specification 4 is a lesser-included offense of the indecent liberties with a child charged in Specification 3, not a distinct criminal act. Third and fourth, convictions for all four specifications would misrepresent and exaggerate appellant's criminality and unreasonably increase his punitive exposure. Finally, there is no evidence of prosecutorial overreaching in the drafting of the charges. Under these facts, we find that Specification 1 of Charge I constitutes an unreasonable multiplication of charges with Specification 2 of Charge I and Specification 3 of Charge I constitutes and unreasonable multiplication of charges with Specification 4 of Charge I. We will therefore provide relief in our decretal paragraph.

In *United States v. Sales*, our superior court set forth the standard for sentence reassessment: "if the [service] court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ." 22 M.J. 305, 308 (C.M.A. 1986). After conducting a thorough analysis on the basis of the entire record and in accordance with the principles articulated in *Sales* and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident in our ability to reassess appellant's sentence without the need for a rehearing.

Because the military judge merged Specification 1 with Specification 2 and Specification 3 with Specification 4 of Charge I for sentencing, we are confident he would have adjudged the same sentence absent the error noted, and the convening authority would have approved the same sentence absent that error. We also conclude, pursuant to Article 66, UCMJ, that such a sentence is appropriate for the remaining findings of guilty.

### B. Post-Trial Delay

Appellant complains he suffered an undue, post-trial delay because 576 days elapsed between his court-martial and the convening authority's action. He was sentenced on 5 March 2013 and the 909-page record of trial was authenticated on 1 February 2014. Appellant's clemency matters were submitted on 15 April 2014 and raised the government's dilatory post-trial delay as legal error, yet the staff judge advocate's recommendation (SJAR) was not signed until 11 September 2014. The convening authority took action on 2 October 2014. For this delay, the government offers no explanation.

While we find no due process violation under *Barker v. Wingo*, 407 U.S. 514 (1972), we also find no reasonable explanation for the delay and processing errors in

3

this case and accordingly provide relief. *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We will therefore provide relief in our decretal paragraph.

**CONCLUSION**

The findings of guilty of Specifications 2 and 4 of Charge I are set aside and Specifications 2 and 4 of Charge I are DISMISSED. The remaining findings of guilty are AFFIRMED.

After considering the entire record and the post-trial delay, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge, confinement for seventeen years and ten months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court